UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23350-CIV-MOORE/MCALILEY

LUIS ANGEL MADE VALDEZ,

      Plaintiff,

v.

LARIMAR ENVIOS & CARGO EXPRESS,
INC., et al.

      Defendants.
_____/

## REPORT AND RECOMMENDATION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs [DE 34], Defendants' Motion to Strike Exhibits "A" & "B" to Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Attorney's Fees and Costs [DE 41], and Defendants' Motion for Leave to File Sur-reply. [DE 44]. These matters were referred to me by the Honorable K. Michael Moore and are fully briefed. [DE 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 46]. For the reasons set forth below, I deny the motion to strike and motion for leave to file a sur-reply, and recommend that the motion for attorneys' fees and costs and the bill of costs be granted in part.[1]

---

[1] Defendants move to strike two exhibits to Plaintiff's reply as irrelevant. [DE 41]. Motions to strike are strongly disfavored, *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699 (S.D. Fla. 2013), and Defendants' motion is denied. Defendants also moved to file the motion to strike as a sur-reply. [DE 44]. That motion is also denied.

1

### I.     Entitlement

Plaintiff brought suit against Defendants under the Fair Labor Standards Act.  [DE 1].  The parties settled the action for $5,000.00.  [DE 32, p.3].  As part of the settlement, the parties agreed that Plaintiff's counsel would file a motion for approval of his attorneys' fees and costs.  [DE 32, p. 1; DE 33].

The FLSA provides for the recovery of attorneys' fees by a prevailing plaintiff.  29 U.S.C. § 216(b).  An award of attorneys' fees and costs under § 216(b) is mandatory; if the plaintiff prevailed, as he did here, the Court must award fees and costs.  *Salerno v. Bouchelle Island Development Corp.*, No. 6:05-cv-1841-Orl-31DAB, 2007 WL 113983, * 2 (M.D. Fla. Jan. 10, 2007).  Thus, Plaintiff is entitled to recover his reasonable fees and costs as a matter of law, and the only issue remaining for resolution is the amount of the recovery.

### II.    Amount of Recovery

Plaintiff seeks to recover **$16,200.00** in attorneys' fees and **$1,032.00** in costs, incurred in bringing this action.  [DE 34, p. 2].

#### A.    Attorneys' fees

Under federal common law, the starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate, resulting in a "lodestar" amount.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

### 1. A reasonable hourly rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Plaintiff seeks an hourly rate of $300.00 for his attorney, Zandro Palma. [DE 34, pp. 5-6]. Plaintiff has the burden of supplying the Court with sufficient information about his attorney to support the hourly rates requested. *Norman*, 836 F.2d at 1303. Plaintiff has filed Mr. Palma's declaration, stating that he has been practicing exclusively in the area of labor and employment law since 2006, and over 85% of his practice consists of Plaintiff FLSA work in the Southern District of Florida. [DE 34-2, ¶ 4]. Mr. Palma further states that he routinely bills between $300.00 and $350.00 an hour. [*Id.* at ¶ 13]. Considering this information, and relying upon the Court's own judgment and expertise, I find that **$300.00** is a reasonable hourly rate for Plaintiff's counsel.[2] *See Norman*, 836 F.2d at 1303 (the court may consider its own knowledge and expertise concerning reasonable and proper fees).

### 2. Hours reasonably expended

The second half of the lodestar equation is the hours reasonably expended. The moving party bears the burden of providing the court with sufficiently detailed records, so that the court can assess the reasonableness of the time claimed for each activity.

---

[2] Notably, despite their objection to the hourly rate sought by Plaintiff's counsel, Defendant employed four counsel whose rates ranged from $300 to $395 per hour. [DE 37-8, ¶ 2].

*Norman*, 836 F.2d at 1303. In seeking its fees, the movant must exercise "billing judgment," meaning it must exclude hours that would unreasonable to bill a client, and therefore one's adversary. *Id.* at 1301. Additionally, the Court must exercise its own judgment in evaluating a claim for fees. *Id.* at 1301-2. In doing so, the Court must exclude "excessive, redundant or otherwise unnecessary" hours from its calculation of hours reasonably expended. *Blue Water Marine Services, Inc. v. M/Y Natalita III*, No. 08-20739, 2010 WL 1330265, * 7 (S.D. Fla. Feb. 2, 2010) (quoting *Norman*, 836 F.2d at 1301).

Plaintiff has provided his billing records [DE 34-1], and Defendants present specific objections to virtually every billing entry. [DE 37, pp. 6-14]. I have carefully reviewed the billing records, the record in this action and Defendants' objections, and I recommend the following specific reductions in Plaintiff's counsel's hours as excessive, redundant or otherwise unnecessary billing:

    09/18/2013:  reduce by .1 the time spent reviewing Judge Assignment NEF.

    09/18/2013:  reduce by .1 the time spent reviewing summons

    09/19/2013:  reduce by .4 the time spent reviewing notice of court practice

    09/19/2013:  reduce by .2 the time spent reviewing order referring discovery matters

    10/09/2013:  reduce by .2 the time spent preparing and filing a certificate of interested persons

    11/05/2013:  reduce by .2 the time spent reviewing return of service and calendaring response dates

4

11/19/2013:   disallow the .3 billed for filing a notice of unavailability[3]

11/22/2013:   reduce by .2 the time spent calendaring a settlement conference

02/05/2014:   disallow the .3 billed for filing a notice of unavailability

02/25/2014: reduce by .2 the time spent reviewing and calendaring the order scheduling trial

02/25/2014:   reduce by .3 the time spent reviewing and calendaring the order of referral to mediation

03/07/2014:   reduce by .2 the time spent drafting, reviewing and filing the notice of mediator selection

03/11/2014:   reduce by .1 the time spent reviewing the notice of mediation hearing

04/07/2014:   reduce by .1 the time spent reviewing an order granting an extension of time

04/28/2014:   disallow the .1 billed for reviewing the notice of mediation hearing

04/29/2014:   disallow the .1 billed for reviewing a clerk's notice of filing error

05/19/2014:   reduce by .1 the time spent reviewing a notice of cancelled deposition

08/19/2014:   reduce by .2 the time spent reviewing letter from opposing counsel

08/25/2014:   reduce by .2 the time spent drafting, reviewing and filing notice of settlement.

In sum, I recommend that the hours reasonably expended be reduced by 3.6 hours.

Reducing the total amount of attorneys' fees sought, $16,200.00, by $1,080.00 (3.6 x $300), I recommend that the Court award Plaintiff the amount of **$15,120.00** in reasonable attorneys' fees.

---

[3] Reasonable billing judgment would lead an attorney to not bill his client for a filing that was made necessary because of the attorney' schedule or attorney error.

**B.    Costs**

Just as with the attorneys' fees, Plaintiff is entitled to recover his costs pursuant to the FLSA. 29 U.S.C. § 216(b) (providing for the recovery of "costs of the action."). Plaintiff seeks to recover a total of $1,032.00 in costs, consisting of:  (1) **$400.00** in fees of the clerk for the filing fee; (2) **$120.00** in costs for service of summons; (3) **$55.00** for copies; (5) **$12.00** for postage, (6) **$375.00** for mediation, (7) **$30.00** for parking, and (8) **$40.00** for service of subpoena. [DE 34-1, p. 14]. Plaintiff does not attach any invoices to support the amounts he seeks to recover. [*Id.*]. I find that the fees of the clerk and the costs of serving the three Defendants are reasonable on their face, and recommend that Plaintiff be allowed to recover them.[4]

As for the remaining costs, Plaintiff does not provide any information that would allow the Court to determine that the amounts sought were actually incurred or are reasonable. Therefore, I recommend that the remaining requested costs be disallowed.

Accordingly I recommend that Plaintiff recover **$520.00** in costs.

**III.    Recommendation and Order**

Based on the forgoing, I RESPECTFULLY RECOMMEND that:

Plaintiff's Motion for Attorneys' Fees and Costs [DE 34], be **GRANTED IN**

---

[4] The amount recoverable under § 1920 for service of process at that time - $55 per hour - is presumptively reasonable. *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (under 28 U.S.C. § 1920(1), generally the fee for service of process may not exceed the statutory fee fixed by 28 U.S.C. § 1921 for the cost of service by the U.S. Marshals); 28 C.F.R. 0.114(a)(3) (setting the rate for service by the U.S. Marshals in October 2013 at $55 per hour or portion of an hour). Plaintiff here asks to recover less than that amount *i.e.*, $40.00 for service of process on each Defendant.

**PART** and that Plaintiffs be awarded **$15,120.00** in attorneys' fees and **$520.00** in costs, against Defendants, jointly and severally.

Based on the foregoing, I ORDER that:

Defendants' Motion to Strike Exhibits "A" & "B" to Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Attorney's Fees and Costs [DE 41], and Defendants' Motion for Leave to File Sur-reply [DE 44], are **DENIED**.

## IV. Objections

The parties may file written objections to this Report and Recommendation with the Honorable K Michael Moore within **fourteen days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida this 12th day of May, 2015.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable K. Michael Moore
Counsel of record